J. S. YOUNG et al., Appellants, v. H. B. SCOTT et al., Appellees.

No. 17,393.

#### HEADNOTE BY THE REPORTER.

1. LEASE—Cancellation—Notice—Forfeiture. Where the holder of a lease becomes a bankrupt and the leased property passes into the hands of a receiver of such bankrupt, in order to cancel the lease for the nonpayment of rent actual written notice of the intention to cancel the lease must be given to the receiver or trustee in bankruptcy.

2. ———— Same. Under a provision in an oil-and-gas lease that a failure by the lessee to pay the stipulated rental when due and, after thirty days' notice in writing by the lessor to the lessee, all rights of the lessee in the lease shall be forfeited, two things are essential to a forfeiture—(1) a default in the payment of rent when due, and (2) the giving of thirty days' notice in writing of the default and the purpose to forfeit. Payment of rent within the thirty-day period will prevent a forfeiture.

Appeal from Wilson district court. Opinion filed January 6, 1912. Affirmed.

James M. Kennedy, and J. T. Cooper, for the appellants.

H. P. Farrelly, and T. R. Evans, for the appellees.

Per Curiam: This action involves an oil-and-gas lease executed by Cain and wife on July 20, 1903, to one who assigned it to The Chanute Cement & Clay

Products Company. It was for a term of five years and contained a forfeiture provision as follows:

"Second party agrees to pay said first party a rental of one dollar per acre per year semi-annually payable in advance, to continue until exceeded by royalty when said rental shall cease, and a failure to pay at any time rental when due according to terms of said lease, and after thirty days' notice in writing by parties of the first part to said second party shall forfeit all right to within lease."

Rental was paid by the cement company when due, and in 1908, before the expiration of the term, an agreement was made extending the term of the lease, without changing any of its conditions, for an additional period of five years. The lessors continued to receive rentals from the cement company until July 20, 1909, and about that time the company became bankrupt. In August, 1909, a letter asking for a payment of rent was sent to the former manager of the company, but it was not received by the receiver or trustee of the bankrupt company. In October, 1909, another letter was sent to the former manager stating a purpose to cancel the lease, but it was not received by the receiver or trustee or anyone else. On January 10, 1910, the lessors sent a letter, intended as a notice of cancellation, which did reach the trustee of the company on about January 15, 1910. On February 4, 1910, the trustee assigned the lease to the appellees and they at once placed $200, the rent in arrears, in the depository designated in the lease.

It appears that on January 8, 1910, the lessors had executed another lease on the same land to McIntyre and Foster and it contained a provision that "This lease is given subject to a lease already given to the Chanute Cement and Clay Product Company with which said company has failed to comply." In June following they assigned a half interest in the lease to the appellants.

On the testimony the court found in favor of the appellees and the findings made are sustained by the evidence and settle all disputed questions of fact. A notice to Patterson, the former manager, while he was not connected with the company, was unavailing. A notice of forfeiture did reach the trustee, who was in control, and within thirty days from its receipt the rentals were paid. Under the terms of the lease this prevented a forfeiture. Two things were necessary to a forfeiture, a default in the payment of rent when due, and the giving of thirty days' notice in writing of the default and the purpose to forfeit. The notice required, in substance, is that "you are in default and if the rental is not paid within thirty days a forfeiture will be in effect." The rental was paid within thirty days after an effective notice was given. There was no abandonment of the lease and it was duly assigned to appellees. The appellants took their lease with notice of the rights of appellees, and if inquiry had been made they would have learned definitely that appellees' lease had been extended and was uncancelled.

The judgment is affirmed.