N. P. NELSON, *Appellee,* v. H. B. SCOTT *et al.,*
*Appellants.*

No. 17,449.

SYLLABUS BY THE COURT.

OIL AND GAS—*Lease—Rents—When in Default—Notice—Forfeiture.* A lessee has all of the day on which rents become due to make payment and his lease is not forfeited by a "thirty days'" notice given on the afternoon of the day the rents become due.

Appeal from Wilson district court. Opinion filed February 10, 1912. Reversed.

*H. P. Farrelly,* and *T. R. Evans,* for the appellants.
*James M. Kennedy,* and *J. T. Cooper,* for the appellee.

The opinion of the court was delivered by

PORTER, J.:   This is a suit to cancel an oil-and-gas lease.   Plaintiff had judgment and defendants appeal.

The lease provided for the payment of a yearly rental of one dollar per acre, one-half due June 1, and the other half December 1, in each year, and further provided that *"failure to pay any rental or royalties when due according to the terms of said lease, and after thirty days' notice in writing by the parties of the first part, to said second party shall forfeit all rights within this lease."*   The half-yearly rental of fifty dollars became due December 1, 1909, and was not paid. On the same day, shortly after noon, the plaintiff gave the defendants a notice in writing stating that the rental was due and should have been paid that day and notifying them to pay the same at once or have the lease canceled.

The defendants were not then in default, but had all of December first in which to make the payment.   The notice of default, having been served before any default had occurred, can not form the basis of a right of forfeiture.   A similar provision for forfeiture was before the court in *Young v. Scott,* ante, p. 296, 119 Pac. 873, and it was held that "two things were necessary to a forfeiture, a default in the payment of rent when due, and the giving of thirty days' notice in writing of the default and the purpose to forfeit."   (p. 298.)

The contention that the bringing of the suit should be regarded as a notice to pay, and that the failure since to pay entitles plaintiff to a decree of cancellation, can not be sustained.   The right to a forfeiture is not predicated upon equitable grounds, but rests solely upon the alleged failure to comply strictly with the conditions and terms of the lease.

Reversed and remanded with directions to enter judgment for the defendants.